```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
––––––––––––––––––––––––––––––––––––
MORDECHAI TWERSKY ET AL.,

                  Plaintiffs,             15 Cv. 2594 (JGK)

       - against -                        OPINION & ORDER

YESHIVA UNIVERSITY ET AL.,

                  Defendants.
––––––––––––––––––––––––––––––––––––
```

**JOHN G. KOELTL, District Judge:**

The plaintiffs, thirty-four former students of Yeshiva University High School for Boys ("YUHS"), originally filed this Complaint in the New York State Supreme Court, New York County. The defendants are YUHS, Yeshiva University, former administrators of Yeshiva University, and several unnamed members of the Board of Trustees of YUHS and Yeshiva University.

The Complaint alleges claims for violations of the New York General Business Law, Title IX of the Education Amendments Act of 1972 ("Title IX"), the New York Executive Law section 296 (the "New York State Human Rights Law"), and the New York Social Services Law. The plaintiffs also request that this Court (a) declare a Second Circuit Court of Appeals decision invalid and (b) issue a writ of mandamus compelling one of the defendants to produce a document. The defendants removed the case to this Court and then moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

In a suit involving the same plaintiffs and defendants, this Court previously dismissed as untimely the plaintiffs' Title IX and New York General Business Law claims, as well as other state law claims.[1]  See Twersky v. Yeshiva Univ., 993 F. Supp. 2d 429 (S.D.N.Y.), aff'd, 579 F. App'x 7 (2d Cir. 2014), cert. denied, 135 S. Ct. 1702 (2015).  The remaining claims in this Complaint arise from the same events as the prior action. All of the plaintiffs' claims therefore are precluded by the principle of res judicata, and the defendants' motion to dismiss is **granted**.

**I.**

**A.**

In 2013, the plaintiffs filed a suit in this Court against the defendants, roughly twenty-one years after the last plaintiff had left YUHS.  The complaint asserted causes of action for fraud, negligence, violation of the New York General Business Law, and violation of Title IX.  The plaintiffs alleged that they were sexually abused by one or more of three individuals: George Finkelstein, Macy Gordon, and Richard Andron.  The plaintiffs also alleged that the YUHS and YU administrators knew of the sexual abuse and failed to intervene.

---

[1]  In a separate opinion issued together with this opinion, the Court is denying a motion for reconsideration filed in that case.

2

After the plaintiffs amended their complaint, the defendants moved to dismiss the claims as time-barred.

The Court granted the motion. This Court assumed arguendo that Title IX includes a discovery rule, but concluded that the plaintiffs' claims were nonetheless time-barred. Specifically, this Court held that the "plaintiffs were aware of their abuse at the time it occurred, and of the identity of their abusers and those who employed them—thus, had the plaintiffs approached an attorney prior to their turning twenty-one, they could have brought their claims under Title IX." Twersky, 993 F. Supp. 2d at 440. Because the action was filed over three years after "each plaintiff should have become aware of the alleged Title IX violation, even taking account of tolling for infancy, the federal discovery rule would not save the Title IX claim from the applicable time bar." Id. at 441.

The Court also dismissed the remaining state law claims as untimely. The Court concluded that those claims were prima facie time-barred and that the plaintiffs had failed to plead a basis for equitable estoppel. Twersky, 993 F. Supp. 2d at 441–49. The Court further held that the plaintiffs' fraud claim was incidental to the other claims, and thus the claim did not sound in fraud for purposes of taking advantage of the longer limitations period. Id. at 449–51.

The Court finally denied the plaintiffs' motion for leave to file a Second Amended Complaint. The plaintiffs insisted that a report commissioned by Yeshiva University (the "YU Report"), which was released after the plaintiffs had filed the First Amended Complaint, included new and relevant facts. The Court, however, held that because "the new information that has come to light has no bearing on the fact that all claims in the First Amended Complaint are untimely as a matter of law, repleading in this action would be futile." Id. at 452.

In September 2014, the Court of Appeals for the Second Circuit affirmed this Court's judgment. As to the timeliness of the plaintiffs' Title IX claim, the Court of Appeals held: "When plaintiffs left YUHS, more than 20 years before filing this suit on July 8, 2013, they were unquestionably aware of (1) their injuries, (2) their abusers' identities, and (3) their abusers' prior and continued employment at YUHS. This information was sufficient to put them on at least inquiry notice as to the school's awareness of and indifference to the abusive conduct by its teachers." Twersky, 579 F. App'x at 9-10. The Court of Appeals also affirmed the dismissal of the state law claims. Id. at 10-11.

As to the motion to amend, the Court of Appeals held that "the proposed amendments included only further allegations of defendants' knowledge of prior abuse, which, for reasons already

4

explained, would not have rendered plaintiffs' claims timely." Id. at 12.

The plaintiffs filed a petition for a panel rehearing or rehearing en banc, which was denied in October 2014. The plaintiffs then filed a petition for a writ of certiorari to the Supreme Court, which was denied in March 2015. Twersky v. Yeshiva Univ., 135 S. Ct. 1702 (2015).

**B.**

In February 2015, the plaintiffs' filed the Complaint in this action in the New York State Supreme Court, New York County. The defendants timely removed the case.

The Complaint is based on the same set of facts as the prior action. And the parties in both cases are identical.[2] The plaintiffs allege that they were sexually abused by George Finkelstein, Macy Gordon, and Richard Andron. See, e.g., Compl. ¶¶ 11-14, 16, 31. The plaintiffs also allege that the YUHS and Yeshiva University administrators knew of the sexual abuse and failed to intervene. See, e.g., Compl. ¶¶ 15, 17, 20-21, 26.

The Complaint includes four counts. Count One alleges that the defendants violated Title IX, 20 U.S.C. § 1681(a), because they were deliberately indifferent to the sexual assaults. See Compl. ¶¶ 811-14. Count Two alleges that the defendants

---

[2] Two additional plaintiffs, Israel Gutman and Chaya Gutman, have withdrawn voluntarily from this case.

violated section 349 of the New York General Business Law, because they failed to disclose the danger of sexual assault at YUHS.  See Compl. ¶¶ 862-63. For these two claims, the Complaint in this action is nearly identical to the plaintiffs' prior complaint.

Counts Three and Four are unique to this action.  Count Three alleges that the defendants violated the New York State Human Rights Law, because the defendants permitted the abuse of the plaintiffs on the basis of their sex and religion.  Compl. ¶ 903.  Count Four alleges that the defendants violated New York Social Services Law section 413, because they failed to report the abuse of the plaintiffs.  Compl. ¶¶ 920-30.

In the Prayer for Relief, the plaintiffs request a declaratory judgment that the Court of Appeals erred in Twersky v. Yeshiva University, 579 F. App'x 7 (2d Cir. 2014). Compl. at 315.  They also petition for a writ of mandamus "requiring Yeshiva University to make public its entire investigative report on sexual abuse at YUHS."  Compl. at 316.

**II.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  The Court's function on a motion to dismiss is "not to

6

weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiffs relied on in bringing suit and that are either in the plaintiffs' possession or that the plaintiffs knew of when bringing suit, and matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

Dismissal at the pleading stage is "appropriate when a defendant raises claim preclusion . . . and it is clear from the face of the complaint, and matters of which the court may take

7

judicial notice, that the plaintiff's claims are barred as a matter of law." Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000).

### III.

The defendants move to dismiss the claims as barred under the doctrine of res judicata or claim preclusion.

### A.

The parties did not discuss whether federal or state preclusion principles apply. The previous suit arose in federal court, and thus federal common law governs. See Taylor v. Sturgell, 553 U.S. 880, 891 (2008). One of the plaintiffs' prior claims arose under federal law—Title IX—and thus federal res judicata law determines the preclusive effect of the prior dismissal of that claim. See id.; Wyly v. Weiss, 697 F.3d 131, 140 (2d Cir. 2012). In the earlier suit, the Court also dismissed the plaintiffs' state law claims, which the Court had jurisdiction over pursuant to 28 U.S.C. § 1367(a).

After Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507-09 (2001), it is unclear whether state law principles—incorporated as federal common law—determine the preclusive effect of the dismissal of pendent state law claims. Compare Robinson v. City of Phx., No. 10cv1044, 2010 WL 4054167, at *2 & n.1 (D. Ariz. Oct. 15, 2010) ("Although a federal court sitting in diversity must apply the res judicata doctrine of the

8

state in which it sits, this is not a diversity case—it is a case involving federal-question and supplemental jurisdiction." (internal citation omitted)), and 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4472 (2d ed. 2002) ("[I]f state questions are decided as an incident of federal-question litigation, the clear right of federal courts to insist on their own preclusion rules as to the federal question may carry over to include all questions in a uniform body of doctrine."), with Access 4 All Inc. v. Trump Int'l Hotel & Tower Condo., No. 04cv7497, 2007 WL 633951, at *3 (S.D.N.Y. Feb. 26, 2007) (applying state collateral estoppel principles when the first suit arose under §§ 1331 and 1367(a)).

But the Court need not resolve this issue.  There is no material difference between federal and New York State preclusion principles.  Pike v. Freeman, 266 F.3d 78, 90 n.14 (2d Cir. 2001) (Sotomayor, J.); Rullan v. N.Y.C. Sanitation Dep't, No. 13cv5154, 2014 WL 2011771, at *4 (S.D.N.Y. May 16, 2014).  Accordingly, the Court will apply federal res judicata law.

The doctrine of res judicata, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Allen v. McCurry, 449

9

U.S. 90, 94 (1980). "To prove the affirmative defense a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000) (citing Allen, 449 U.S. at 94).

The application of these principles is not subject to serious debate. The Court dismissed the previous action with prejudice as untimely, which is a final judgement on the merits. See, e.g., PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 896 (2d Cir. 1983). The previous action involved the same defendants and the same plaintiffs. And two of the claims alleged here—the Title IX and the New York General Business Law claims—were raised in the prior suit.

Moreover, the plaintiffs' remaining claims could have been raised in the prior action. "Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." Monahan, 214 F.3d at 289 (quoting NLRB v. United Techs. Corp., 706 F.2d 1254, 1260 (2d Cir.1983)).

The New York State Human Rights Law claim and the New York Social Services Law claim involve the same transaction, rely on the same evidence, and turn on the same facts as the prior action.  The New York Social Services Law claim asserts that the defendants failed to report and prevent the abuse of the plaintiffs.  Those same allegations were raised in the plaintiffs' prior complaint.  See, e.g., Am. Compl. ¶¶ 13, 288-89, Twersky v. Yeshiva Univ., No. 13cv04679 (S.D.N.Y. Aug. 15, 2013), ECF No. 11.  And the New York State Human Rights Law claim is, in substance, the same as the prior action's Title IX claim.  Compare id. ¶¶ 793-94, with Compl. ¶¶ 902-03; see also Esposito v. Hofstra Univ., No. 11cv2364, 2012 WL 607671, at *5 (E.D.N.Y. Feb. 24, 2012) ("Courts evaluate claims brought under Title IX, as well as parallel claims under New York State law, pursuant to the same standards . . . .").

None of the exceptions to res judicata apply.  The plaintiffs contend that "formal barriers" prevented them from litigating their claims.  But that exception applies when "the initial forum did not have the power to award the full measure of relief sought in the later litigation." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  For example, those barriers exist when a suit is brought in a state proceeding with limited jurisdiction, Antonsen v. Ward, 943 F.2d 198, 201, 203-04 (2d Cir. 1991), or when a court system separates legal and equitable

11

actions.  Restatement (Second) of Judgments § 26 cmt.c (1982).  The plaintiffs faced no such barriers in the prior action.  They could have recovered the full scope of relief sought in the present action, and the plaintiffs identified no case in which a plenary federal court proceeding was found to be an ineffective forum.

The plaintiffs also assert that they lacked a "full and fair opportunity" to litigate their claims.  This argument lacks merit.  That res judicata exception arises when there is reason "to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation."  Kremer v. Chem. Const. Corp., 456 U.S. 461, 481 & n.22 (1982) (quoting Montana v. United States, 440 U.S. 147, 164 n.11 (1979)).  The plaintiffs had every opportunity to litigate their claims in full in federal court.  At bottom, the plaintiffs criticize the decisions of this Court and of the Second Circuit Court of Appeals.  But that does not justify a collateral attack on a final judgment.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398–401 (1981).[3]

---

[3]   The plaintiffs do not attempt to defend the request for a declaratory judgment that the Secord Circuit Court of Appeals' opinion was incorrect.  And that claim is clearly precluded.  As to the plaintiffs' request for mandamus relief to receive document, that application is denied.  The plaintiffs have not argued that mandamus relief is appropriate here, and discovery is not appropriate when a plaintiff fails to plead a cognizable claim.  See Iqbal, 566 U.S. at 684-85.

**B.**

The plaintiffs finally insist that section 205 of the New York Civil Procedure Law and Rules saves their claims.[4] This argument is frivolous.

Section 205 provides that "[i]f an action is timely commenced and is terminated in any other manner than by . . . a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period." The plaintiffs' argument founders for two reasons.

First, the prior action was not "timely commenced" because it was dismissed on statute of limitation grounds. Further, this action would not "have been timely commenced at the time of commencement of the prior action" because it is time-barred for

---

[4] Title IX does not contain a statute of limitations, and courts therefore apply the most appropriate state statute of limitations. That application "carries with it the borrowing of the state's coordinate tolling rules, at least where such rules are not inconsistent with the letter and purpose of relevant provisions of federal law." Twersky, 993 F. Supp. 2d at 437. The defendants do not dispute that section 205(a) applies to the Title IX claim. Cf. Ortiz v. City of New York, No. 12cv3118, 2012 WL 6200397, at *4 (S.D.N.Y. Dec. 12, 2012) (applying section 205(a) in a 42 U.S.C. § 1983 action).

the same reasons that the prior action was dismissed. Therefore, section 205(a) is by definition inapplicable. Lake v. N.Y. Hosp. Med. Ctr., 989 N.Y.S.2d 365, 366 (App. Div. 2014); Kramer v. Herrera, 592 N.Y.S.2d 196, 197 (App. Div. 1992).[5]

Second, the Court issued "a final judgment upon the merits" in the prior case, and section 205(a) by definition does not apply to cases terminated in that manner. The Court dismissed the initial action with prejudice and denied leave to replead, which is a final judgment on the merits. See Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp., 712 N.E.2d 678, 681–82 (N.Y. 1999) (holding that a dismissal with prejudice is a final adjudication upon the merits for section 205(a) purposes); see also Nemaizer v. Baker, 793 F.2d 58, 60–61 (2d Cir. 1986) (holding the same for res judicata purposes).

Therefore, section 205(a) does not save the plaintiffs' claims.

---

[5] The Complaint here does not fix a pleading defect in the prior complaint. See Carrick v. Cent. Gen. Hosp., 414 N.E.2d 632, 637–38 (N.Y. 1980). The only "new" information identified in this Complaint is the YU Report, which this Court and the Second Circuit Court of Appeals already explained would not render the plaintiffs' claims timely. And those findings have preclusive effect. See Blythe Indus., Inc. v. P.R. Aqueduct & Sewer Auth., 607 F. Supp. 1386, 1388, 1390 (S.D.N.Y. 1985).

14

CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed above, they are either moot or without merit.  For the foregoing reasons, the defendants' motion to dismiss **is granted**.  The Clerk is directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:**	New York, New York
	July 8, 2015	_____/s/_____
		**John G. Koeltl**
		**United States District Judge**